**In re Ulrich Felix Anton ENGLER, Private Commercial Office, Inc., Debtor(s).**

**Robert E. Tardif, Jr., Trustee, Plaintiff,**

**v.**

**Congro Finanz AG and Primus GmbH, Defendants.**

**Robert E. Tardif, Jr., Trustee, Plaintiff,**

**v.**

**Congro Finanz AG and Primus GmbH, Defendants.**

**Bankruptcy Nos. 9:08–bk–04360–ALP, 9:08–bk–04365–ALP. Adversary Nos. 9:08–ap–00270–ALP, 9:08–ap–00282–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Sept. 5, 2008.

---

Robert E. Tardif, Jr., Naples, FL, pro se.

John L. Urban, Urban & Thier PA, Orlando, FL, for Defendants.

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT and PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTERS under consideration in the above-captioned Chapters 7 cases of Ulrich Felix Anton Engler (Case No. 9:08–bk–04360–ALP) and Private Commercial Office, Inc., (Case No. 9:08–bk–04365–ALP) are two Adversary Proceedings, Nos. 9:08–ap–00270–ALP and 9:08–ap–00282–ALP, filed by Robert E. Tardif Jr., (Trustee) against Congro Finanz AG and Primus GmbH (Congro and Primus) who are the named Defendants in both adversary proceedings (Defendants). Inasmuch as the threshold issue is the same in both adversary proceedings, the issue will be considered jointly and this decision will cover both adversary proceedings. Both

Complaints filed by the Trustee against the Defendants are pursuant to 11 U.S.C. § 547(b).

## Adversary Proceeding No. 9:08–ap–00270–ALP

In the Complaint filed in Adversary Proceeding 9:08–ap–00270–ALP, the Trustee sets forth eleven (11) claims in eleven (11) different counts and seeks to set aside a lien claimed by the Defendants to be a statutory lien encumbering the funds garnished by the Defendants.

In Count I of the Complaint, the Trustee alleges that within ninety (90) days of the commencement of the case Congro and Primus obtained judgments against the Debtor in the Circuit Court for the Ninth Judicial Circuit in Orange County, Florida, in Case No.2007–CA–14111 and Case No.2008–CA–00855. A judgment was entered in favor of Congro and Primus in the amount of $3,957,427.30 in Case No. 14111. And in Case No. 00855, a judgment was entered in favor of the Defendants Congro and Primus in the amount of $30,784,406.00.

The claim in Count I attacks the service of a writ of garnishment served on Autoquest of Southwest Florida, Inc., as a voidable preferential transfer pursuant to 11 U.S.C. § 547(b). As a result of the garnishment, Congro and Primus received $350,000.00 which is being held in a trust account of the attorney representing the Defendants. In addition to the above, the Trustee alleges that the Defendants garnished a right to payment pursuant to a promissory note in the principal amount of $1,350,000.00, maturing in the year 2013.

It is the Trustee's contention that the transfer of the Debtor's interest in the property, occasioned by the service of the writ of garnishment, occurred when the Debtor was insolvent. And, as a result of the transfer of the Debtor's interest in the property to the Defendants, the Defen-

dants are receiving more than they would receive under the Chapter 7 cases of the Debtors. Thus, the Trustee alleges that the transfer occurred as a result of the service of the writ of garnishment and, therefore, the transfer is a voidable preference pursuant to 11 U.S.C. § 547.

The claim in Count II, names both Congro and Primus as Defendants. The Trustee alleges that on January 17, 2008, the Defendants served the writ of garnishment on U.S. National Payphone Administration, Inc., (U.S.National). U.S. National failed to answer and, therefore, the Defendants obtained a final judgment by default against U.S. National on February 20, 2008. On the same date, the Defendants served a writ of garnishment on SunTrust Bank. The Defendants received the amount of $407,766.95 as a result of the writ which is being held in the Defendants' attorney's trust account. The factual allegations to support Section 547 are identical to the factual allegations set forth in Count I.

In Count III of the Complaint, the Trustee alleges that on January 22, 2008, a writ of garnishment was served on Freecall Technologies, Inc., (Freecall) who failed to answer the writ. On February 20, 2008, a Default Final Judgment was entered against Freecall. On the same date, a writ of garnishment was served on Bank of America and the Defendants received the total sum of $986,085.14. Currently, this sum is being held in the trust account of the attorney for the Defendants. Again, the transfer occurred upon the service of the garnishment and, therefore, the same allegations apply as set forth in detail in Count I.

The claim in Count IV of the Complaint is based on the Trustee's allegation that on February 15, 2008, a writ of garnishment was served on Rad Management, Inc.,

(Rad). Rad filed its answer to the writ and the Defendants replied. The Defendants seek the right to continue and complete the garnishment in state court. The fixing of a lien again is being challenged by the Trustee pursuant to Section 547(b) and, therefore, is based on the same allegations as set forth in Count I of the Complaint.

The claim in Count V is against the Defendant, Primus. The Trustee contends that on February 27, 2008, Primus served a writ of garnishment on Freecall Technologies, Inc. Freecall failed to answer the writ and, therefore, a Default Final Judgment was entered in favor of Primus on March 28, 2008. Primus seeks to continue and complete the garnishment in state court. Again, the Trustee contends that the fixing of the lien is alleged to be a voidable transfer pursuant to Section 547(b) of the Bankruptcy Code.

The claim asserted in Count VI of the Complaint is against the Defendant, Primus. The Trustee in this count alleges that on February 26, 2008, a writ of garnishment was served on U.S. National Payphone Administration, Inc. Primus seeks to continue and complete the garnishment in state court. The validity of the lien effectuated by the service of the writ is sought to be set aside by the Trustee.

In Count VII of the Complaint the Trustee alleges that on March 13, 2008, Primus caused a writ of garnishment to be served on Hubert Engler (Engler). Engler failed to defend himself with respect to the writ and, therefore, Primus seeks to continue to complete the garnishment against Engler in state court. The validity of the transfer is again based on the same factual allegations set forth in Count I of the Complaint.

In the claim in Count VIII of the Complaint, the Trustee alleges that on March 13, 2008, Primus served a writ of garnishment on Roswitha App (App). App failed to answer the writ and, based on the same, Primus seeks to continue and complete the garnishment in state court. The Trustee challenges the viability of the lien and seeks to set it aside. The same facts are alleged as in Count I and the relief sought by the Trustee is pursuant to Section 547(b) of the Bankruptcy Code.

In Count IX, the Trustee alleges that on March 19, 2008, a writ of garnishment was served on Gavin Riches (Riches) at the request of Primus. Riches answered the writ stating that he was not indebted to the Debtor. Primus seeks the right to continue and complete the garnishment in state court. The transfer occurred by the service of the writ of garnishment and, therefore, the allegations asserted by the Trustee are the same as set forth in detail in Count I

The Trustee in Count X of the Complaint alleges that Primus on March 19, 2008, filed and served a writ of garnishment on Deborah Muller (Muller). Muller denied that she was indebted to the Debtor. Primus seeks to continue and complete the garnishment in state court. As indicated earlier, the Trustee challenges the viability of the lien sought to be enforced by Primus. This particular count alleges the same facts as alleged in Count I pursuant to Section 547(b) of the Bankruptcy Code.

Count XI of the Complaint is against Congro and Primus. The Trustee alleges that on January 15, 2008, the Defendants domesticated their Florida state court judgment in Idaho. The Trustee alleges that on March 18, 2008, a Notice of Garnishment was served on David B. Douglas and Douglas Investments, LLC. The Defendants seek to continue and complete the garnishment in state court. The factual allegations supporting this count of the

Complaint are identical to Count I and the relief sought by the Trustee is pursuant to Section 547 of the Bankruptcy Code.

### Adversary Proceeding No. 9:08–ap–00282–ALP

In the Complaint filed in adversary proceeding 9:08–ap–00282–ALP, the Trustee sets forth the identical allegations and counts as asserted in adversary proceeding 9:08–ap–00270–ALP, which is pursuant to 11 U.S.C. § 547(b). The Trustee seeks to invalidate liens claimed by the Defendants as statutory liens. It is the contention of the Defendants that the liens are statutory liens and, therefore, the Trustee by virtue of Section 545 of the Bankruptcy Code cannot avoid such lien.

The Defendants filed their Motions to Dismiss in both adversary proceedings challenging all the claims set forth in both Complaints filed by the Trustee. The Defendants seek to have both adversary proceedings dismissed with prejudice. It is the Defendants' contentions that as a matter of law the writs of garnishment are unavoidable as a preference under Section 547(c) of the Bankruptcy Code, which provides as follows:

> (c) The trustee may not avoid under this section a transfer—. . .
>
>> (6) that is fixing a statutory lien that is not avoidable under section 545 of this title; . . .

In addition to the Motions to Dismiss, the Defendants in both adversary proceeding 9:08–ap–00270–ALP and 9:08–ap–00282–ALP also filed their Motion for Summary Judgment, Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. Nos. 12 and 8). The Defendants Motions for Summary Judgment are ostensibly filed as cross motion to the Trustee's Motion for Summary Judgment filed in adversary proceeding 9:08–ap–00270–ALP. It should be noted that the Trustee did not file a Motion for Summary

Judgment in adversary proceeding 9:08–ap–00282–ALP. In both Motions, the Defendants contend that based on the amended Florida garnishment statute effective July 1, 2000, Florida Statutes. § 77.06(1) provides that the "service of a writ creates a lien in or upon any such debts or property at the time of the service or at the time such debts or property come into a garnishee's possession or control." The Trustee concedes, as he must, that the effect of that statute fixed the date when the lien attaches but disputes that the lien is the type of lien which is covered by the exception to the Trustee's power to avoid a transfer as a voidable preference. In opposition to the position taken by the Defendants, the Trustee contends that the lien is not the type of lien covered by Section 547(c) of the Bankruptcy Code and, therefore, is subject to the Trustee's avoidance powers pursuant to Section 547(b) of the Code.

It should be evident from the foregoing that the threshold question involves a determination of whether or not the transfer sought to be avoided shall be determined by the legal status of the claims, that is, whether or not the liens are judicial or statutory liens. This in turn, involves an analysis of the construction of the judicial terms used by the Bankruptcy Code versus the terms used by the Florida legislature in its amendment to the Florida garnishment statute effective in 2000, Florida Statutes § 77.06(1).

In support of their Motions to Dismiss and the Motions for Summary Judgment, the Defendants rely on the following cases. *In re Giles*, 271 B.R. 903, 905–906 (Bankr. M.D.Fla.2002), in which the court set forth the history of the Florida garnishment statute and the amendment, which ostensibly overruled the result of prior case law. In analyzing the Florida legislature's amendment to the statute, the *Giles* court

explained that the amendment to Fla. Stat. § 77.06, which became effective July 1, 2000, specifically overruled the decision in *In re Masvidal*, 10 F.3d 761 (11th Cir. 1993). However, it should be noted that Judge Williamson specifically noted in *Giles* that he did not make a determination on the issue involved currently before this Court, which is the scope and extent of Section 547(c)(6). *Giles* at 906 n. 2.

The Defendants also rely on the case of *In re Lastra*, 18 Fla.L. Weekly Fed. B 334 (Bankr.S.D.Fla.2005). The *Lastra* court, acknowledging that the same facts existed in the case of *In re Giles*, held that "the service of a writ of garnishment on the bank, prior to the bankruptcy petition, created a statutory lien in favor of the creditor." In further support of their Motions, the Defendants rely on the factually similar case of *In re Marineau*, Case No. 06–10619–JKO, 19 Fla. L. Weekly, Fed. B. 247, 2006 WL 1751740 (Bankr.S.D.Fla. 2006). In *Martineau*, the creditor served the writ of garnishment on February 10, 2006, two weeks prior to the petition date. The court in *Martineau* held that "[u]nder current § 77.06 Fla. Stat., the service of a writ of garnishment creates a lien on the garnished funds. That lien dates from the time of service of the writ." The court concluded that the creditor held a lien on the garnished funds held by the bank. Based on the foregoing, the Defendants contend that it is clear that since the amended Florida garnishment statute went into effect in July 1, 2000, a Florida writ of garnishment served pre-petition creates a statutory lien governed by Section 545 and, as a consequence, the garnishment lien is not avoidable pursuant to Section 547(c)(6) of the Bankruptcy Code.

None of the cases cited by the Defendants involve the application currently presented to this Court, but involve the application of the creditor's claim to be relieved from the automatic stay. On the other hand, the present issue before this Court is whether the Trustee has the power to avoid a transfer as a preferential transfer under Section 547(b) and that the transfer is not subject to the exception set forth in Section 547(c)(6) of the Code.

▪ Furthermore, the cases cited also fail to analyze the definitions of the terms used in the Florida garnishment statute and the terms "statutory lien" and "judicial lien," as defined by the Code. Precisely, this is the position of the Trustee who concedes and does not dispute that the service of the writ fixed the lien on the properties in the hands of third parties who were indebted to the Debtor. However, the Trustee contends that Section 547(c)(6) is inapplicable by virtue of the definitions of the two terms as defined under Section 101(36) and (53) of the Bankruptcy Code.

As noted earlier, Section 547(c)(6) of the Bankruptcy Code provides that the trustee cannot avoid under this section a transfer "that is the fixing of a statutory lien that is not avoidable under section 545 of this title." Section 545 of the Code specifically sets forth the type of liens which may be avoided by a trustee under certain specific conditions. These provisions are designed to deal with any statutory liens on the property of a debtor which became effective against the debtor under certain specific conditions. The provisions set forth in Section 545 are geared to prohibit a statutory lien from impairing the trustee's power because these liens become effective and fixed based on the financial status of the debtor. For instance, Section 545 provides in relevant part that:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(1) first becomes effective against the debtor—

(A) when a case under this title concerning the debtor is commenced;

(B) when an insolvency proceeding other than under this title concerning the debtor commenced;

(C) when a custodian is appointed or authorized to take possession;

(D) when the debtor becomes insolvent;

(E) when the debtor's financial condition fails to meet a specified standard; or

(F) at the time of the execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien; ...

11 U.S.C. § 545(1).

Obviously, from the foregoing, Section 545(1) was designed to permit the trustee avoidance powers when a debtor becomes insolvent (D) or files a bankruptcy case (A).

It might be contended that based on the time honored doctrine of *expressio unius est exclusion alterius*, which is a canon of construction according to which the express inclusion of one thing implies the exclusion of another. While the doctrine has been applied by several courts it has received severe criticism. For instance, Reed Dickerson in The Interpretation and Application of the Statutes 234–35 (1975), emphasized that,

"Several Latin maxims masquerade as rules of interpretation expression while doing nothing more than describing results reached by other means. The best example is probably *expressio unius est exclusion alterius*, which is a rather elaborate, mysterious sounding, and anachronistic way of describing the negative implication. Far from being a rule, it is not even lexicographically accurate, because it is simply not true, generally, that the mere express conferral of a right or privilege in one kind of situation implies the denial of the equivalent right or privilege in other kinds. Sometimes it does and sometimes it does not, and whether it does or does not depends on the particular circumstance of context. Without contextual support, therefore, there is not even a mild presumption here. Accordingly, the maxim is at best a description, after the fact, of what the court has discovered from context."

Black's Law Dictionary 602 (7th ed.1999).

 It cannot be denied that Fla. Stat. § 77.06(1) provides that the service of a writ creates a lien which attaches to the property at the time of service. Thus, it would be clearly proper to conclude that a lien is enforceable against the thing, or the res, on which it was served so long as the party whose property to which the lien is attached is not in bankruptcy. However, it is equally true that the nature of the lien once bankruptcy intervenes shall be determined by the terms as defined by Section 101 of the Bankruptcy Code. Considering the purpose of the specifics set forth in Section 545, and the purpose of the definitions of the terms judicial and statutory liens in the Code, it is apparent that the doctrine shall not serve as an implication that the court is prohibited to determine the true nature of the lien.

 Section 101(53) defines "[t]he term 'statutory lien' means lien arising *solely* by force of a statute on specified circumstances or conditions ..." (emphasis added). Even a cursory reading of the definition leaves no doubt that a statutory lien must have its legal existence solely due to a specific statute and not as a result of a judicial proceeding.

On the other hand, the term "judicial lien," as defined by Section 101(36) "means lien obtained by a judgment, levy, sequestration or other legal or equitable process

or proceeding." It is clear in the present instance that the liens in question came into existence as a part and parcel of the process to collect on a judgment and, therefore, they do not owe their existence solely to a statute but to a *judicial proceeding.*

Based on the foregoing, this Court is satisfied that the position taken by the Trustee is correct, the lien is avoidable and, therefore, the position taken by the Defendants is not well taken and their Motions should be denied. This Court is satisfied that Trustee's Motion for Summary Judgment should be granted to a limited extent that the amendment to the Florida garnishment statute is not applicable in bankruptcy and, therefore, the Trustee is authorized to pursue the claims set forth in both Complaints.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendants' Motion to Dismiss (Adv.Pr. No. 9:08–ap–00270–ALP, Doc. No. 3) be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment (Adv.Pr. No. 9:08–ap–00270–ALP, Doc. No.9) be, and the same is hereby granted to the limited extent as outlined above. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants' Motion for Summary Judgment (Adv.Pro. No. 9:08–ap–00270–ALP, Doc. No. 12) be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants' Motion to Dismiss (Adv.Pr. No. 9:08–ap–00282–ALP, Doc. No. 3) be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants' Motion for Summary Judgment (Adv.Pro. No. 9:08–ap–00282–ALP, Doc. No.8) be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants have twenty (20) days from the entry of this Order to file an answers to the Complaints if so deemed to be advised. The Defendants may assert whatever defense they may have pursuant to 11 U.S.C. 547(c). It is further

ORDERED, ADJUDGED AND DECREED that once the Defendants file their answers to the Complaints a pretrial conference shall be scheduled.