**In re SPECIALTY PROPERTY DEVELOPMENT, INC. d/b/a P & E Plumbing, Debtor.**

**Specialty Property Development, Inc. d/b/a P & E Plumbing, Plaintiff**

**v.**

**Ferguson Enterprises, Inc., Defendant.**

**Bankruptcy No. 9:08–bk–09079–ALP.**
**Adversary No. 9:08–ap–00348–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Nov. 24, 2008.

Steven M. Berman, Shumaker, Loop & Kendrick, LLP, Tampa, FL, for Plaintiff.

Scott A. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT (Doc. No. 10)

ALEXANDER L. PASKAY, Bankruptcy Judge.

IN THIS Chapter 11 case of Specialty Property Development, Inc., (Plaintiff and/or Debtor) the Plaintiff Debtor filed a Motion for Summary Judgment in the above-captioned adversary proceeding. The Plaintiff in its Motion contends that there are no genuine issues of material fact and, therefore, it is entitled to judgment in its favor as a matter of law.

The facts relevant to the issues raised by the Motion can be summarized as follows:

On October 4, 2007, Ferguson Enterprises, Inc. (Defendant) filed a lawsuit against the Debtor in the Circuit Court for the Twentieth Judicial Circuit of Collier County, Florida, Case No. 07–03516–CA (Circuit Court). On February 5, 2008, the Circuit Court entered a Final Judgment against the Debtor in the amount of $434,164.77. On June 4, 2008, the Defendant filed several motions for Writs of Garnishment against, BCB Homes, Inc. (BCB), Deerbrook, Inc. (Deerbrook), and Boran Craig Barber Engle Construction Co. Inc. (BCBEC). On the same date, the Clerk of Court for Collier County issued the Writs of Garnishment against BCD, Deerbrook and BCBEC. The Writs of Garnishment were served on June 5, 2008.

On June 20, 2008, approximately two weeks after the Defendant claimed to have obtained a lien against the Debtor's property, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. On the same date, the Debtor filed an Expedited Motion to Dissolve Pending Writs of Garnishment and for Turnover of Property of the Estate (Motion to Dissolve)(Doc. No.3). In its Motion to Dissolve, the Debtor sought dissolution of the Writs of Garnishment; entry of an Order directing BCB, Deerbrook and BCBEC to pay the garnished funds to the Debtor, and releasing BCB, Deerbrook and BCBEC from any further responsibility or liability concerning the Writs of Garnishment obtained by the Defendant.

On July 10, 2008, this Court held a hearing on the Plaintiff's Motion to Dissolve. This Court heard argument from counsel for the Plaintiff and the Defendant. Both parties extensively argued their respective positions concerning the Plaintiff's ability to avoid the lien, but counsel for the Plaintiff conceded that they will have to file either, a lien avoidance contested matter or an adversary proceeding. Plaintiff's counsel suggested that to resolve the threshold issue, which is the avoidability of the lien pursuant to Section 545, the matter could be dealt with in a motion practice. Counsel for the Defendant stated that, if that is the narrow issue, they could deal with that. This Court granted the Debtor's Motion to Dissolve in part, and on August 25, 2008, entered its Order requiring the Garnishees to turn over the funds to the Debtor, to be

held in an interest-bearing trust account for the benefit of the Defendant until the issues raised could be resolved.

On July 17, 2008, the Debtor filed a Motion to Avoid Judicial Lien (Doc. No. 24) and sought a ruling from this Court that the Execution Lien asserted by the Defendant is a judicial lien subject to avoidance, and not subject to the protection afforded statutory liens, pursuant to 11 U.S.C. § 545 (Doc. No. 24). On August 12, 2008, this Court entered its Order denying the Debtor's Motion to Avoid as Moot (Doc. No. 42), deferred ruling on the merits of the Motion and concluded that it would consider the same in context of the above-captioned adversary proceeding.

On July 24, 2008, the Plaintiff filed the instant adversary proceeding in which it seeks to avoid the Execution Lien pursuant to 11 U.S.C. § 545, avoid the affixation of the Execution Lien during the preference period pursuant to 11 U.S.C. § 547 and, therefore, it is entitled to relief as a matter of law based on the undisputed facts that the funds garnished are property of the estate free and clear of any lien claim or any other type of claim by the Defendant.

The instant adversary proceeding in which the Motion is filed consisted of a two-count Complaint. In Count I of the Complaint, the Debtor seeks to avoid as a preference, the affixation of the lien on the funds in question, pursuant to Section 547 of the Code, setting forth the operating elements of an avoidable preference under Section 547(b) of the Code. In Count II of the Complaint, the Debtor seeks to recover the avoided transfer from the Defendant based on 11 U.S.C. § 550.

On September 30, 2008, the Defendant filed its Answer in which it generally admitted and denied certain facts. Incorporated in its Answer, the Defendant asserted the following Affirmative Defenses:

First Affirmative Defense: the Complaint fails to state a basis for relief.

Second Affirmative Defense: The transaction cannot be avoided since the Debtor was solvent at the time the Writs were issued.

Third Affirmative Defense: The Defendant obtained a statutory lien which is not subject to avoidance.

Fourth Affirmative Defense: The Defendant has other lien rights which are not capable of being avoided.

It should be noted at the outset that the First, Third and Fourth affirmative defenses asserted by the Defendant are not acceptable, pursuant to Fed. R. Bankr.P. 7008(c).

The Second Affirmative Defense, however, is acceptable because it is asserted as an allegation to overcome the presumption of the Debtor's insolvency at the time relevant.

It should be evident from this record that the threshold issue which must be resolved is whether or not by virtue of the amendment to the Florida garnishment statute effective July 1, 2000, Florida Statutes § 77.06, the Writs became fixed the moment it was served on the garnishee. The amendment to Fla. Stat. § 77.06, was adopted by the Florida legislature to alter the previous decision held by the Eleventh Circuit in the case of *In re Masvidal,* 10 F.3d 761 (11th Cir.1993). *See Senate Staff Analysis and Economic Impact Statement for Bill SB* 2016 (April 3, 1998, rev. April 22, 1998) at 6–7.

In support of its position on the first issue, which is the avoidability of the garnishment lien, the Defendant relies on the following Florida cases. In the case of *In re Giles,* 271 B.R. 903, 905–906 (Bankr. M.D.Fla.2002), the Court in reviewing the history of the Florida garnishment stat-

utes and the amendment, overruled the results of the prior case law. In addition to *Giles,* the Defendant asserts that this Court's decision is inconsistent with the decisions entered by other bankruptcy courts. The Defendant relies on the cases of *In re Lastra,* 2005 WL 2445468 (Bankr. S.D.Fla.2005) and *In re Marineau,* 2006 WL 1751740 (Bankr.S.D.Fla.2006). The court in *Lastra,* held that "the service of a writ of garnishment on a bank, prior to the bankruptcy petition, created a statutory lien in favor of the creditor," citing *Marineau,* a facially similar case. *Lastra* at * 1. The court in *Marineau* held that "[u]nder current § 77.06 Fla. Stat., the service of a writ of garnishment creates a lien on the garnished funds." *Marineau* at *1.

The Plaintiff does not dispute the proposition of the effect of the amendment to Florida garnishment statute § 77.06 Fla. Stat., and concedes that the service of a writ, in fact, became a lien on the garnished funds when it was served. However, none of the cases cited by the Defendant dealt with the question of whether or not the lien created is, in fact, a statutory lien which is not subject to avoidance by the debtor in possession because it is not listed in Section 545, which identifies the statutory liens which can be avoided by the trustee or a debtor in possession. The fact of the matter is, Judge Williamson of this Court in the case of *Giles,* specifically declined to consider the issue because it was not presented to him for consideration.

Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The purpose of summary judgment is to determine if there are genuine issues for trial and for the moving party to demonstrate that it is entitled to judgment as a matter of law. *Banco Latino Int'l v. Lopez,* 95 F.Supp.2d 1327, 1332 (S.D.Fla.2000); *Mulhall v. Advance Sec., Inc.,* 19 F.3d 586, 590 (11th Cir.1994). To defeat a motion for summary judgment, the non-moving party must do more than simply show that there is some doubt as to the facts of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has satisfied its burden of proof, the party opposing the motion for summary judgment must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed facts to defeat the motion. Moreover, the non-moving party must demonstrate that the moving party is not entitled to judgment as a matter of law *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

█ Pursuant to 11 U.S.C. § 549(b), a post-petition transfer of estate assets may be avoidable if the court has not authorized the transfer. However, avoidable transfers can only be recovered from certain transferees, such as those identified by 11 U.S.C. § 550, which includes initial transferees. *Andreini v. Pony Express Delivery Servs. (In re Pony Express Delivery Servs., Inc.),* 440 F.3d 1296, 1300 (11th Cir.2006). An initial transferee exerts legal control over the assets, distinguishing it from a conduit that has no right to use the assets for its own purposes. *Id.*

█ In the interim, this Court had under advisement in the Chapter 7 cases of Ulrich Felix Anton Engler (Case No. 9:08–bk–04360–ALP) and Private Commercial Office, Inc., (Case No. 9:08–bk–04365–ALP) two adversary proceedings, filed by Robert E. Tardif Jr., as Chapter 7 Trustee, against Congro Finanz AG and Primus

GmbH, who were the named Defendants in both adversary proceedings. This Court held that,

It cannot be denied that Fla. Stat. § 77.06(1) provides that the service of a writ creates a lien which attaches to the property at the time of service. Thus, it would be clearly proper to conclude that a lien is enforceable against the thing, or the res, on which it was served so long as the party whose property to which the lien is attached is not in bankruptcy. However, it is equally true that the nature of the lien once bankruptcy intervenes shall be determined by the terms as defined by Section 101 of the Bankruptcy Code. Considering the purpose of the specifics set forth in Section 545, and the purpose of the definitions of the terms judicial and statutory liens in the Code, it is apparent that the doctrine shall not serve as an implication that the court is prohibited to determine the true nature of the lien.

Section 101(53) defines "[t]he term 'statutory lien' means lien arising *solely by force of a statute on specified circumstances or conditions ...*" (emphasis added). Even a cursory reading of the definition leaves no doubt that a statutory lien must have its legal existence solely due to a specific statute and not as a result of a judicial proceeding.

On the other hand, the term "judicial lien," as defined by Section 101(36) "means lien obtained by a judgment, levy, sequestration or other legal or equitable process or proceeding." It is clear in the present instance that the liens in question came into existence as a part and parcel of the process to collect on a judgment and, therefore, they do not owe their existence solely to a statute but to a *judicial proceeding.*

*In re Engler,* 394 B.R. 598, 2008 WL 4155340 (Bankr.M.D.Fla.)

Based on the foregoing, this Court is satisfied that the position taken by the Plaintiff is correct, the lien is avoidable and, therefore, the position taken by the Defendants is not well taken. This Court is satisfied that Plaintiff's Motion for Summary Judgment should be granted to a limited extent that the amendment to the Florida garnishment statute is not applicable in bankruptcy and, therefore, the Plaintiff is authorized to pursue the claims set forth in its Complaints. However, as noted above, the Defendant in its Second Affirmative Defense, questions whether the Debtor was solvent on the date of the issuance of the Writs of Garnishment. Based on the foregoing, this Court is satisfied that whether the Debtor was solvent on the date of the issuance of the Writs of Garnishment, is an issue of fact, and it is therefore inappropriate to dispose of the present Motion in its entirety by way of Summary Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment (Doc. No. 10) be, and the same is hereby granted in part and denied in part to the limited extent as outlined above. It is further

ORDERED, ADJUDGED AND DECREED that a pretrial conference shall be held on *January 6*, 2009, beginning at *10:00* a.m. at the Sam M. Gibbons United States Courthouse, Courtroom 9 A, 801 N. Florida Avenue, Tampa, Florida, 33602 to determine the remaining issue of whether the Debtor was solvent on the date of the issuance of the Writs of Garnishment.